

Gaston Kroub, Esq.
Zachary D. Silbersher, Esq.
Sergey Kolmykov, Esq.
Zoe Axelrod Cates, Esq.

305 Broadway, 7th Fl.
New York, NY 10007
212.323.7442
gkroub@kskiplaw.com
www.kskiplaw.com

**KROUB, SILBERSHER & KOLMYKOV PLLC**

July 6, 2018

**Via ECF**
Honorable Naomi Reice Buchwald
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 21A
New York, NY 10007-1312

Re:    *Kiini LLC v. The Neiman Marcus Group LLC, et al.*
       Civil Action No. 1:18-cv-03778-NRB

Dear Judge Buchwald:

We represent Defendants in this matter, and write regarding certain developments germane to the upcoming pre-motion conference on Defendants' prospective motion to dismiss, as outlined in prior letters to the Court. (Dkt. 30, 35).

First, Defendants understand that the Court intends to grant plaintiff's counsel Mitchell Silberberg & Knupp LLP's ("MSK") motion to withdraw as counsel for plaintiff KIIINI LLC ("KIINI"). Dkt. 38. Defendants do not oppose this motion or the Court's decision thereon, but simply wish to confirm that the Court will maintain jurisdiction over MSK for possible future proceedings under Rule 11 of the Federal Rules of Civil Procedure ("Rule 11").

Second, Defendants wish to apprise the Court of a recently-filed action in the Central District of California, alleging that Plaintiff and its founder have engaged in violations of California's Business and Professions Code, with respect to the design, marketing, and other acts related to the intellectual property rights alleged by Plaintiff in this case. (Exhibit A – Filed Complaint in *Ferrarini v. Irgit and Kiini LLC*).

Even though MSK's motion did not apprise the Court of the objective evidence (*e.g.*, an email, photographs, and a note) contained in the filed Complaint against Kiini and its founder (the "Objective Evidence"), its relevance to this case is indisputable because it goes to the heart of whether the intellectual property rights alleged in this case were fraudulently procured. *See* Exh. A at ¶¶10-24.

Indeed, whether the Objective Evidence precipitated MSK's desire to withdraw is not important. But what is important is that this evidence raises significant Rule 11 issues, as it directly relates to the operative complaint here (Dkt. 11) and the letter MSK filed for the upcoming conference (Dkt. 31). For example, both filings expressly invoke the case of *KIINI LLC v. Victoria's Secret Stores Brand Mgmt.*, Case No. 15-cv-8433 (C.D. Cal.) (the "VS Case"). (Dkt. 11 at 27; Dkt. 31 at 1.) The VS Case involved claims of originality, as does this case. Yet, the Objective Evidence disproves these claims and demonstrates that the VS Case was based on a fraudulently obtained copyright registration, false sworn testimony, and even witness tampering. *See* Exh. A at ¶¶10-24.

July 6, 2018
Page 2

      For purposes of Defendants' proposed motion to dismiss, the KIINI bikini itself will confirm the functionality of the elements that its founder copied and now describes as KIINI's trade dress.  But because of the Rule 11 implications and the need to provide the Court with a more complete backdrop for the July 9, 2018 conference, defendants submit the attached complaint and will bring to the conference copies of the Objective Evidence it reflects, as well as a KIINI bikini.

      Defendants look forward to discussing these issues, as well as the grounds for their prospective motion to dismiss, in further detail at the upcoming pre-motion conference.

      Sincerely,

      */s Gaston Kroub*

      Gaston Kroub (GK6970)

Cc: via ECF to all counsel of record

BN 33123033v3
BN 33132084v1